IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| CARLOS RAMIREZ, on behalf of himself and others similarly situated, Plaintiff, | |
| v. | Civil Action No. 1:21-cv-3758 |
| THE PARADIES SHOPS, LLC, a Georgia limited liability company, Defendant, | |

## DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant The Paradies Shops, LLC ("Paradies") hereby moves to dismiss Plaintiff Carlos Ramirez's Complaint [Doc. No. 1].

Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1) because Plaintiff does not have standing to sue and, as a result, this Court lacks subject matter jurisdiction. Plaintiff alleges only that a data breach involving his information occurred, but does not allege that such a breach actually had any negative effect on Plaintiff whatsoever. Binding Eleventh Circuit holds that "[e]vidence of a mere data breach does not, standing alone, satisfy the requirements of Article III standing." *Tsao v. Captiva MVP Rest. Partners Ltd. Liab. Co.*, 986 F.3d 1332, 1344 (11th Cir. 2021).

Plaintiff's Complaint should also be dismissed pursuant to Rule 12(b)(6) because Plaintiff has not alleged facts that, if true, give rise to "more than a sheer possibility that a defendant has acted unlawfully." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In particular, Plaintiff alleges that he disclosed his name and social security number to his employer in 2007, and then ceased working for that employer in 2014. (Compl. ¶ 61). **More than four years later**, Paradies acquired Plaintiff's former employer and, allegedly, Plaintiff's name and social security number. (*Id.* at ¶ 62). Plaintiff has failed to plead any facts giving rise to a plausible claim that Paradies owed him any legal duty recognized by Georgia law and, accordingly, has failed to state any viable claim for recovery.

For these reasons, and as set forth in more detail in the accompanying Memorandum of Law, Plaintiff's Complaint should be DISMISSED.

Dated: October 4 , 2021.        Respectfully submitted,

                        HOLLAND & KNIGHT LLP

                        */s/ Peter N. Hall*
By:  Peter N. Hall
      Georgia Bar No. 141376
      1180 West Peachtree Street, Suite 1800
      Atlanta, GA  30309
      Telephone: (404) 817-8412
      Facsimile: (404) 881-0470
      Email: peter.hall@hklaw.com

Paul Bond, (*pro hac vice* forthcoming)
Cira Centre, Suite 800
2929 Arch Street
Philadelphia, PA  19104
Telephone: (215) 252-9600
Facsimile: (215) 867-6070
Email: paul.bond@hklaw.com

*Attorneys for The Paradies Shops*

## **CERTIFICATE OF COMPLIANCE**

Counsel for Defendant The Paradies Shops, LLC certifies that this document has been prepared in Book Antiqua, 13-point font and otherwise complies with Local Rule 5.1(C).

This 4th day of October, 2021.

_/s/ Peter N. Hall_
By:  Peter N. Hall
     Georgia Bar No. 141376

## CERTIFICATE OF SERVICE

This is to certify that on October 4, 2021, I caused to be electronically filed the foregoing **Defendant's Motion to Dismiss the Complaint** through the Court's CM/ECF system, which will automatically send notice of electronic filing and constitute service upon all counsel of record, including:

> Dylan A. Bess
> MORGAN & MORGAN PLLC
> P.O. Box 57007
> Atlanta, GA 30343-1007
> dbess@forthepeople.com
>
> John A. Yanchunis
> Ryan D. Maxey
> MORGAN & MORGAN
> 201 North Franklin Street
> Seventh Floor
> Tampa, Florida  33602
> Jyanchunis@forthepeople.com
> rmaxey@forthepeople.com

This 4th day of October, 2021.

                           */s/ Peter N. Hall*
                    By:   Peter N. Hall
                          Georgia Bar No. 141376