# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISON

| | |
|---|---|
| CARLOS RAMIREZ<br>on behalf of himself and all others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>THE PARADIES SHOPS, LLC,<br>a Georgia limited liability company,<br><br>   Defendant(s). | Case No. 1:21-cv-03758-ELR<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Before this Court is Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"). The Court has reviewed the Motion and Settlement Agreement between Plaintiff and Defendant, The Paradies Shops, LLC ("Paradies" or "Defendant"). After reviewing Plaintiff's unopposed request for preliminary approval, this Court grants the Motion and preliminarily concludes that the proposed Settlement Agreement is fair, reasonable, and adequate.

**IT IS HEREBY ORDERED THAT:**

1. The Settlement Agreement[1], including the proposed notice plan and forms of notice to the Settlement Class, the appointment of Representative Plaintiff

---

[1] All capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

Carlos Ramirez as the Class Representative, the appointment of Proposed Class Counsel as Class Counsel for Plaintiff and the Settlement Class, the approval of Angeion as the Claims Administrator, the various forms of class relief provided under the terms of the Settlement Agreement, and the proposed method of distribution of settlement benefits are fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below.

2. The Court does hereby preliminarily and conditionally approve and certify, for settlement purposes, the following Settlement Class:

> All individual U.S. residents to whom Paradies (through its vendor Epiq) sent notice of the Ransomware Attack, as evidenced by the Class List.[2] Excluded from the Settlement Class are: (1) the Judge and Magistrate Judge presiding over the Litigation, any members of the Judges' respective staffs, and immediate members of the Judges' respective families; (2) officers, directors, members and shareholders of Defendant; (3) persons who timely and validly request exclusion from and/or opt-out of the Settlement Class and the successors and assigns of any such excluded persons; and (4) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Ransomware Attack or who pleads nolo contendere to any such charge. Defendant represents that the Settlement Class contains approximately 72,376 individuals.

3. For purposes of settlement, based on the information provided: the Settlement Class is ascertainable; it consists of approximately 72,376 Settlement

---

[2] "Ransomware Attack" means the ransomware attack in 2020 during which the threat actor accessed systems that contained certain records.

Class Members, satisfying numerosity; there are common questions of law and fact including whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Ransomware Attack, satisfying commonality; the proposed Class Representative's claims are typical in that they allege they have been damaged by the same conduct and in the same or similar ways as the other members of the Settlement Class; the proposed Class Representative and Class Counsel fully, fairly, and adequately protect the interests of the Settlement Class; questions of law and fact common to members of the Settlement Class predominate over questions affecting only individual members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Action.

4. The Court appoints Representative Plaintiff Carlos Ramirez as the Settlement Class Representative.

5. The Court appoints John A. Yanchunis, Morgan & Morgan Complex Litigation, and Ryan D. Maxey, Maxey Law Firm, P.A as Settlement Class Counsel.

6. The Court appoints Angeion as the Claims Administrator.

7. A Final Approval Hearing shall be held before the Court on____[date]_____, 2024 at ___[time]_____ for the following purposes:

a) To determine whether the proposed Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court;

b) To determine whether to grant Final Approval, as defined in the Settlement Agreement;

c) To determine whether the Notice Program as conducted was appropriate;

d) To determine whether the claims process under the Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court;

e) To determine whether the requested Class Counsel's combined attorneys' fees, of up to 33% of the Settlement Fund ($2,268,987.60), and litigation expenses up to $15,000.00 should be approved by the Court;

f) To determine whether the Settlement Agreement benefits are fair, reasonable, and adequate; and,

g) To rule upon such other matters as the Court may deem appropriate.

8. The Court approves, as to the form and content, the Notice plan as set forth in the Settlement Agreement. Furthermore, the Court approves the implementation of the Settlement Website and the proposed methods of mailing or distributing Notices substantially in the form as presented in the exhibits to the Motion for Preliminary Approval of Class Action Settlement, and finds that such notice plan meets the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and efficient notice to all persons or entities entitled to notice.

9.     The Court preliminarily approves the following Settlement Timeline for the purposes of conducting the notice plan, settlement administration, claims processing, and other execution of the proposed Settlement Agreement:

**SETTLEMENT TIMELINE**

| | |
|---|---|
| Defendant to Cause CAFA Notice to be provided to Appropriate Government Official ("CAFA Notice") as required by 28 U.S.C. § 1715(b). | Within 10 days of the filing of the Motion for Preliminary Approval |
| Class Notice Date | 30 days after entry by the Court of the Preliminary Approval Order |
| Defendant Provides Settlement Class List to the Claims Administrator | Within 7 days of an order directing Class Notice |
| Notice Program Commences | By the Class Notice Date, i.e., 30 days after entry by the Court of the Preliminary Approval Order |
| Notice Program to be Completed | Within 60 days after entry of the Preliminary Approval Order |
| Class Counsel to file a motion for fees | No later than 21 days before the objection/opt-out deadline |
| Objection Date | 60 days after the Class Notice Date |

| | |
|---|---|
| Opt-Out Date | 60 days after the Class Notice Date |
| Claims Deadline | 90 days after the Class Notice Date |
| Claims Administrator to furnish to Parties a complete list of all timely and valid requests for exclusion (the "Opt-Out List") | Within 7 days after the Opt-Out Date |
| Class Counsel to file the Opt-Out List with the Court | No later than 10 days prior to the Final Fairness Hearing |
| Class counsel to file the Final Approval Motion | No later than 21 days before the Final Fairness Hearing |
| Scheduling of the Final Fairness Hearing | No earlier than: (i) 100 days after the notices are made or (ii) 14 days after the Claims Deadline, whichever is later |
| Payment of Settlement Fund by Defendant, if there is no Objection | 10 days after entry of Judgment |
| Payment of Settlement Fund by Defendant, if there is an Objection | Within 30 days of the Effective Date i.e., the date by which the Settlement Agreement is approved by the Court, Judgment has been entered and the time to appeal has expired. |

| | |
|---|---|
| Claims Administrator to pay the Court-approved amount of attorneys' fees and expenses to Class Counsel from the Settlement Fund | Within 10 days after the Effective Date. |

10. In order to be a timely claim under the Settlement Agreement, a Claim Form must be submitted by the Settlement Class Members on or before the Claims Deadline (i.e., 90 days after the Class Notice Date). The Claim Form shall require a sworn signature or electronic verification under penalty of perjury but shall not require a notarization. Class Counsel and the Claims Administrator will ensure that all specific dates and deadlines are added to the Notice and posted on the Settlement Website after this Court enters this Order in accordance with the timeline being keyed on the grant of this Order.

11. Additionally, all requests to opt out shall be postmarked no later than 60 days after the Class Notice Date and shall be sent to the Claims Administrator. The written notice must clearly manifest an individual's intent to be excluded from the Settlement Class. If an opt-out request is sent to anyone other than the Claims Administrator, including requests previously sent to Proposed Class Counsel and/or Paradies's counsel, that request is ineffectual and shall be deemed null and void. Settlement Class Members who seek to opt-out shall receive no benefit or compensation under this Agreement and shall not be bound by the terms of the Settlement Agreement.

12. Settlement Class Members may submit an objection to the proposed Settlement under Federal Rule of Civil Procedure 23(e)(5). All requests to object to the proposed Settlement must be (a) electronically filed by the Objection Date; or (b) mailed first-class postage prepaid to the Clerk of Court for the United States District Court for the Northern District of Georgia and postmarked by no later than the Objection Date, i.e., 60 days after the Class Notice Date and include each and all of the following:

   i. The name or caption of this Litigation;

   ii. The objector's full name, address, telephone number, and e-mail address (if any);

   iii. Information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class;

   iv. A written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable;

   v. The identity of all counsel representing the objector;

   vi. A statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing;

   vii. A statement identifying all class action settlements objected to by the objector in the previous 5 years; and

      viii.    The objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative, if any.

Any Objection failing to include the requirements expressed above will be deemed to be invalid. Settlement Class Members that fail to comply with the objection requirements shall be bound by the Settlement Agreement and all proceedings and Judgements.

13.    All Settlement Class Members shall be bound by all determinations and judgments in this Litigation concerning the Settlement Agreement, including, but not limited to, the release provided for in the Settlement Agreement, whether favorable or unfavorable, except those who timely and validly request exclusion from the Settlement Class. The persons and entities who timely and validly request exclusion from the Settlement Class will be excluded from the Settlement Class and shall not have rights under the Settlement Agreement, shall not be entitled to submit Claim Forms, and shall not be bound by the Settlement Agreement, any Final Approval Order, or Judgment as to Paradies in this Litigation.

14. Pending final determination of whether the Settlement Agreement should be approved, Plaintiff and Settlement Class Members are barred and enjoined from commencing or prosecuting any claims asserting any of the Released Claims against Defendant.

15. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the potential Settlement Class Members and retains

jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement Agreement. The Court may approve the Settlement Agreement, with such modification as may be agreed to by the Parties or as ordered by the Court, without further notice to the Settlement Class.

**SO ORDERED**, this ____ day of _____, 2024.

_____

Eleanor L. Ross
United States District Court
Northern District of Georgia